ACCEPTED
01-12-00264-CV
FIRST COURT OF APPEALS
HOUSTON, TEXAS
7/1/2015 11:06:57 AM
CHRISTOPHER PRINE
CLERK

## NO. 01-12-00264-CV

**IN THE COURT OF APPEALS**

**FOR THE FIRST DISTRICT OF TEXAS**

**AT HOUSTON**

FILED IN
1st COURT OF APPEALS
HOUSTON, TEXAS
7/1/2015 11:06:57 AM
CHRISTOPHER A. PRINE
Clerk

**ETC MARKETING, LTD.,**

*Appellant,*

**v.**

**HARRIS COUNTY APPRAISAL DISTRICT,**

*Appellee.*

## APPELLANT'S REPLY IN SUPPORT OF MOTION FOR *EN BANC* RECONSIDERATION

Lynne Liberato
State Bar No. 00000075
William Feldman
State Bar No. 24081715
HAYNES AND BOONE, LLP
1221 McKinney Street, Suite 2100
Houston, Texas 77010-2007
Telephone: (713) 547-2000
Telecopier: (713) 547-2600
*Lynne.Liberato@haynesboone.com*
*William.Feldman@haynesboone.com*

Robert J. Myers
State Bar No. 14765380
John J. Shaw
State Bar No. 24079312
MYERS ✶ LAW
2525 Ridgmar Blvd., Ste. 150
Fort Worth, Texas 76116
Telephone: (817) 731-2500
Telecopier: (817) 731-2501
*RMyers@myerslawtexas.com*
*JShaw@myerslawtexas.com*

**Attorneys for Appellant, ETC Marketing, Ltd.**

# TABLE OF CONTENTS

TABLE OF CONTENTS.............................................................................................. i

TABLE OF AUTHORITIES ...................................................................................... ii

ARGUMENT IN REPLY .............................................................................................1

CONCLUSION..............................................................................................................6

CERTIFICATE OF COMPLIANCE.............................................................................8

CERTIFICATE OF SERVICE .....................................................................................9

# TABLE OF AUTHORITIES

**Cases**

*Complete Auto Transit, Inc. v. Brady*,
   430 U.S. 274 (1977)....................................................................................3, 4

*Greene v. Farmers Ins. Exch.*,
   446 S.W.3d 761 (Tex. 2014)......................................................................4, 6

*Marathon Ashland Petroleum L.L.C. v. Galveston County Appraisal Dist.*,
   236 S.W.3d 335 (Tex. App.—Houston [1st Dist.] 2007, no pet.).....................2, 3

*Maryland v. Louisiana*,
   451 U.S. 725 (1981)...........................................................................................2

*Midland Cent. Appraisal Dist. v. BP Am. Prod. Co.*,
   282 S.W.3d 215 (Tex. App.—Eastland 2009, pet. denied),
   *cert. denied* 131 S. Ct. 2097 (2011) ..................................................................4, 5

*Peoples Gas, Light & Coke Co. v. Harrison Cent. Appraisal Dist.*,
   270 S.W.3d 208 (Tex. App.—Texarkana 2008, pet. denied),
   *cert denied* 131 S. Ct. 2097 (2011) ...................................................................3, 4

*Schneidewind v. ANR Pipeline Co.*,
   485 U.S. 293 (1988).........................................................................................2

**Statutes and Rules**

18 C.F.R. § 284.1(a)..............................................................................................2

TO THE HONORABLE COURT OF APPEALS, *EN BANC*:

ETC Marketing, Ltd. respectfully files this reply in support of its motion for reconsideration *en banc*.

## ARGUMENT IN REPLY

HCAD's response highlights the extraordinary circumstances that warrant this Court's *en banc* review. Contrary to HCAD's assertions, this case does indeed represent the first time that any Texas appellate court has found constitutional a tax on goods in the stream of interstate commerce. And, while HCAD summarily dismisses ETC's substantial concerns, it ultimately does not dispute that the panel's decision will create a county-by-county patchwork of different rules governing the imposition of ad valorem taxes on interstate commerce, or that the decision will have substantial consequences for companies and consumers across Texas.

**Interstate Commerce:** HCAD dedicates the first several pages of its argument to the issue of whether the natural gas here was in interstate commerce. (Opp. Br. at 3-6.) Nevertheless, the majority assumed, and the dissent concluded, that the gas was in interstate commerce. (Majority at 8, 12; Dissent at 5, 14-16.) As the dissent explained, "working gas in the pipeline [is] in interstate commerce from the moment it [is] injected into the pipeline system." (Dissent at 14.)

HCAD, however, argues that goods are not in interstate commerce unless movement "from another state has actually begun and is going on," and that ETC provided no evidence that its gas was "actually moving to another state." (Opp. Br. at 3-4.) HCAD's argument ignores controlling law and draws an artificial distinction between gas in one part of the pipeline system and gas elsewhere in that same system. As the dissent recognized, storage and transportation cannot "realistically be separated." (Dissent at 5, 14.) The Supreme Court has agreed. *See Schneidewind v. ANR Pipeline Co.*, 485 U.S. 293, 308 (1988) (gas storage facilities are regulated by FERC "since those facilities are a critical part of the transportation of natural gas and sale for resale in interstate commerce."); *Maryland v. Louisiana*, 451 U.S. 725, 754-55 (1981) ("[T]he flow of gas from the wellhead to the consumer, even though 'interrupted' by certain events, is . . . a continual flow of gas in interstate commerce."). Federal regulations likewise recognize that "transportation" of natural gas "includes storage." 18 C.F.R. § 284.1(a). The gas temporarily located at the Bammel facility is in the stream of interstate commerce. No justice on the panel concluded otherwise.

For that reason, HCAD's extensive reliance on this Court's decision in *Marathon Ashland Petroleum L.L.C. v. Galveston County Appraisal District*, 236 S.W.3d 335 (Tex. App.—Houston [1st Dist.] 2007, no pet.) is misplaced. (*See, e.g.*, Opp. Br. at 2-3, 5, 6, 9, 11.) In that case, the court held that petroleum

products held in Marathon's refinery tanks before shipment to consumers could be taxed by local authorities because those products had "***not yet entered*** the stream of interstate commerce" and were instead "part of the general mass of property in a state" that was "subject to state taxation in the usual way." *Marathon Ashland*, 236 S.W.3d at 338 (emphasis added); *see also id.* at 336, 343. Because Marathon's petroleum products were not yet in interstate commerce, the court concluded that the *Complete Auto* test did not apply. *Id.* Here, in contrast, the natural gas is in the stream of interstate commerce even while it is at the Bammel facility. HCAD's ad valorem tax may therefore be upheld only if it satisfies all four prongs of the *Complete Auto* test.[1]

***Complete Auto* Test:** Because the natural gas is in interstate commerce, the only remaining issue is whether ETC's temporary storage of natural gas in interstate commerce can be subject to local taxation under the *Complete Auto* test. *Complete Auto Transit, Inc. v. Brady*, 430 U.S. 274 (1977). The ad valorem tax at issue fails to satisfy even one of the *Complete Auto* prongs. (Mtn. for Reconsideration *En Banc* at 8-17; Br. of *Amicus Curiae* Valero Marketing &

---

[1] *Marathon* is also distinguishable because in that case Marathon Ashland Petroleum exercised "complete control" over the physical movement of the petroleum products in its refinery. 236 S.W.3d at 341. ETC, in contrast, does not control the movement and storage of the natural gas temporarily located at the Bammel facility. *See* Mtn. for Reconsideration *En Banc* at 2; *see also Peoples Gas, Light & Coke Co. v. Harrison Cent. Appraisal Dist.*, 270 S.W.3d 208, 215 (Tex. App.—Texarkana 2008, pet. denied), cert denied 131 S. Ct. 2097 ("Unlike the taxpayer in *Marathon Ashland Petroleum, L.L.C.*, Peoples does not maintain any control over the physical movement of the gas.").

Supply Co. at 10-12; *see also* Dissent at 16-24.) The tax must satisfy **all four** prongs of *Complete Auto* to be constitutional. *Complete Auto*, 430 U.S. at 279.

**Existing Texas Authority:** Under existing Texas authority, the natural gas at issue here would not be subject to local ad valorem taxes. *Peoples Gas, Light & Coke Co. v. Harrison Cent. Appraisal Dist.*, 270 S.W.3d 208 (Tex. App.—Texarkana 2008, pet. denied), *cert. denied* 131 S. Ct. 2097 (2011); *Midland Cent. Appraisal Dist. v. BP Am. Prod. Co.*, 282 S.W.3d 215, 224 (Tex. App.—Eastland 2009, pet. denied), *cert. denied* 131 S. Ct. 2097 (2011). Those decisions are materially indistinguishable from this case. (*See* Dissent at 10-19, 22-24; Mtn. for Reconsideration *En Banc* at 9-14.)

**Policy Considerations:** HCAD also argues that this Court should not consider the broad repercussions of the majority's decision because those arguments are "alarmist" and "unsupported," even though those same concerns were voiced by both the dissent and by *amicus curiae* Valero. (Opp. Br. at 1 n.10.) They further suggest that this Court should ignore those concerns because they were not raised to the trial court. (*Id.*) But "parties are free to construct new arguments in support of issues properly before the Court." *Greene v. Farmers Ins. Exch.*, 446 S.W.3d 761, 764 n.4 (Tex. 2014). The issue here—whether local taxation of natural gas in interstate commerce violates the commerce clause of the U.S. Constitution—was squarely before the trial court and the court of appeals.

In any event, the broad repercussions of the majority's decision cannot simply be dismissed as "alarmist" or hypothetical. The panel's ruling has significant negative consequences that make immediate correction essential. As the dissent cautions, the majority's decision will erect a "financial barrier" around Harris County and the other counties within this Court's jurisdiction, *see* Dissent at 21, as companies seek to store their goods elsewhere. *Amicus Curiae* Valero Marketing & Supply Co. warns that "the panel's decision . . . will subject companies to a complex patchwork regime" of tax regulations and is "bad for Texas businesses, taxpayers, and consumers." *Amicus Curiae* Valero Marketing & Supply Co. at 13-14. The majority's decision also raises the prospect of multiple taxation. As the Eastland Court of Appeals recognized when striking down a similar ad valorem tax, "if the tax in this case is upheld, then ad valorem taxes could potentially be levied by any taxing authority on oil in transit but located, at the time of assessment, in the portion of an interstate pipeline system within the boundaries of that taxing authority." *Midland Cent. Appraisal Dist.*, 282 S.W.3d at 224; *see also* Mtn. for Reconsideration *En Banc* at 5-8. Notably, HCAD's brief does not even address any of the significant statewide implications of the panel's decision.

**State Law Grounds:** Finally, HCAD rejects the independent state-law grounds for invalidating the ad valorem tax, arguing that ETC waived the issue by

not raising it in its motion for summary judgment. (Opp. Br. at 18-20.) But the issue was in fact raised below. *See* Appellant Br. at 49; Plf. Orig. Pet. at 3-8; Plf. Mtn. for Summary Judgment at 1, 5-6; Plf. Resp. to Def. Mtn. for Summary Judgment at 5-6; *Greene*, 446 S.W.3d at 764 n.4. Even HCAD concedes that "[t]he first page of ETC's motion for summary judgment did state the taxing units lacked jurisdiction to tax the gas." (Opp. Br. at 19.) The Majority addressed the merits of ETC's statutory argument, recognizing that ETC's "motion for summary judgment also included an argument that HCAD lacked jurisdiction to tax the property." (Op. at 2 n.1.)

## CONCLUSION

ETC respectfully requests that the Court grant its motion for *en banc* reconsideration and grant the relief as specified in its motion.

Respectfully submitted,

HAYNES AND BOONE, LLP

*/s/ Lynne Liberato*
Lynne Liberato
State Bar No. 00000075
William Feldman
State Bar No. 24081715
1221 McKinney Street, Suite 2100
Houston, Texas 77010-2007
Telephone: (713) 547-2000
Telecopier: (713) 547-2600
*Lynne.Liberato@haynesboone.com*
*William.Feldman@haynesboone.com*

Robert J. Myers
State Bar No. 14765380
John J. Shaw
State Bar No. 24079312
Myers ✴ Law
2525 Ridgmar Blvd., Ste. 150
Fort Worth, Texas 76116
Telephone: (817) 731-2500
Telecopier: (817) 731-2501
*RMyers@myerslawtexas.com*
*JShaw@myerslawtexas.com*

Counsel for Appellant,
ETC Marketing, Ltd.

## CERTIFICATE OF COMPLIANCE
### TEX. R. APP. P. 9.4(i)(3)

I hereby certify that this Reply in Support of Motion for *En Banc* Reconsideration contains a total of **1,380** words, excluding the parts of the brief exempted under TEX. R. APP. P. 9.4(i)(1), as verified by Microsoft Word 2010. This Motion is therefore in compliance with TEX. R. APP. P. 9.4(i)(2).

Dated: July 1, 2015.

*/s/ Lynne Liberato*

Lynne Liberato
*Counsel for Appellant,*
*ETC Marketing, Ltd.*

## CERTIFICATE OF SERVICE

In accordance with the Texas Rules of Appellate Procedure, I hereby certify that a true and correct copy of *Appellant's Reply in Support of Motion for En Banc Reconsideration* was served on the following counsel of record on July 1, 2015:

***Counsel for Appellee***
***Harris County Appraisal District:***

    Mario L. Dell'Osso                             ***Via E-Service***
    Eric C. Farrar
    OLSON & OLSON, LLP
    Wortham Tower, Ste. 600
    2727 Allen Parkway
    Houston, Texas 77019-2133

                                          */s/ Lynne Liberato*
                                          Lynne Liberato